IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EMMA MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-200-JHP |
| | ) | |
| CHARLES PEARSON, as Sheriff of Muskogee County; JOHN DOE JAIL STAFFER 1; and JOHN DOE JAIL STAFFER 2, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Defendants John Doe Jail Staffer 1 and John Doe Jail Staffer 2's Special Appearance and Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (6) [Docket No. 31]. Plaintiff's Response to this motion was due by May 7, 2009, but no Response was filed. Additionally, Plaintiff has not requested to amend the Complaint in this case.

The John Doe Jail Staffers argue that because Plaintiff failed to identify and serve the staffers prior to the applicable statute of limitations expiring, all claims asserted in this action against the staffers are time-barred and must be dismissed. Further, the staffers assert that Okla. Stat. tit. 12, § 95 contains the statute of limitation applicable to Plaintiff's § 1983 claim, as set forth in *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) and *Abbitt v. Franklin*, 731 F.2d 661, 662-63 (10th Cir. 1984). The staffers argue that the two year statute of limitations has expired for Plaintiff's claims against them and that, even if Plaintiff amended her pleadings at this time, the amendment would not relate back and the claims would still be time-barred.

The Court finds that the John Doe Jail Staffers' Motion to Dismiss is deemed confessed because of Plaintiff's failure to oppose it. See LCvR 7.1(h). Accordingly, John Doe Jail Staffer 1

and John Doe Jail Staffer 2's Motion to Dismiss [Docket No. 31] is hereby GRANTED.

IT IS SO ORDERED this 5th day of June, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma