IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

EMMA MAY,                                    )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )           Case No. 08-CV-200-JHP
                                             )
CHARLES PEARSON, as Sheriff of Muskogee      )
County,                                      )
                                             )
                    Defendant.               )

## ORDER

Before the Court are Defendant Charles Pearson's Motion for Summary Judgment [Docket

No. 33]; Plaintiff Emma May's Response in Opposition [Docket No. 37], and Defendant's Reply

[Docket No. 43].  For the reasons stated herein, Defendant's Motion is GRANTED.

## BACKGROUND

On May 7, 2006, Plaintiff was arrested by City of Muskogee Police Department officers for

various offenses, including Driving Under the Influence of Alcohol.  After her arrest, Plaintiff was

taken to the Muskogee County Detention Center ("MCDC").  Upon arrival at the MCDC, Plaintiff

was booked in, screened, and then placed in a cell.  At some point after Plaintiff was placed in the

MCDC, she began having seizures which caused her to fall from her bunk.[1]  In the early hours of

May 9, 2006, Plaintiff was transported to the Muskogee Regional Medical Center ("MRMC"),

where it was determined that she was suffering from delirium tremens and conditions related to

alcohol withdraw.  Plaintiff was admitted to MRMC at 5:03 am on May 9, 2006.  The symptoms

---

[1]  The exact time that Plaintiff began to have seizures is unknown.

1

related to Plaintiff's delirium tremens resolved while she was hospitalized. Additionally, Plaintiff underwent a coronary angiogram which revealed minor coronary artery disease and a myocardial infraction. On May 18, 2006 Plaintiff was discharged from MRMC with the diagnoses of: 1.) delirium tremens from alcohol withdrawal, 2.) myocardial infraction, 3.) seizures secondary to alcohol withdrawal. 4.) hyperlipidemia, 5.) Pneumonia, and 6.) depression. The charges against Plaintiff were dropped, therefore Plaintiff did not return to the MCDC.

Plaintiff brought the current action against the Sheriff of Muskogee County, Charles Pearson, and two unknown and unnamed jail staffers pursuant to 42 U.S.C. § 1983. The unknown jail staffers were dismissed from this action by the Court [Docket No.40] and Plaintiff has clarified that she is not bringing this action against Sheriff Pearson in his individual capacity. [Docket No. 37, at 1.] Accordingly, the only claim remaining is against Sheriff Pearson in his official capacity as Sheriff of Muskogee County. Although Plaintiff has no memory of her incarceration, seizures, or transportation to the hospital, she alleges that there was an unconstitutional delay between the time she began experiencing seizures and her transportation to the hospital. She alleges that this delay was the result of Sheriff Pearson's failure to adequately train and monitor his employees and that his actions amounted to a deliberate indifference to Plaintiff's medical needs. Sheriff Pearson argues that Plaintiff has offered no evidence that there was a delay or denial of medical treatment, and, even if there was such evidence, it was not the result of an official policy or custom.

## DISCUSSION

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. *Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Under Rule 56(c), the moving party has the initial responsibility to show that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this requirement is met by the moving party, the burden shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

If the non-moving party can prove the existence of a genuine issue of material fact, the motion is defeated. An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

An official capacity suit is simply another way of pleading an action against an entity of which the defendant is an agent. *Monell v. New York City Dept. of Soc. Servs*., 436 U.S. 658, 690 n.55 (1978). In an official capacity suit, Plaintiff must prove that his or her injury was attributable to a "policy" or "custom" of the entity. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988). In order to meet her burden of proof, Plaintiff must not only show the existence of an official policy of custom, but also that the policy or custom caused her to be subjected to a deprivation of her constitutional rights. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Because Plaintiff is required to prove this causal link, a sheriff sued in his official capacity

cannot be held liable under § 1983 when there is no underlying constitutional violation by any of his employees. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002). Accordingly, the Court will first address whether Plaintiff has shown an underlying constitutional violation.

To demonstrate a cruel and unusual punishment claim, an inmate must satisfy both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994). The objective element is met if the violation is sufficiently serious. *See Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001). The subjective element requires a showing of a "sufficiently culpable state of mind," amounting to a "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer v. Brennan,* 511 U.S. at 834. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment² and gives rise to a civil rights cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104, 97(1976). However, deliberate indifference occurs only when prison officials intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed. *Estelle*, 429 U.S. at 104-05. The plaintiff must show that the jail official knew of facts indicating the prisoner's health was being subjected to excessive risk and prevented him or her from receiving treatment. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). A delay in providing medical treatment does not violate the Eighth or Fourteenth

_____

² Plaintiff was a pretrial detainee at MCDC, therefore, her claims are governed by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). However, the scope of this protection is coextensive with the Eighth Amendment. *Id.*

Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Substantial harm sufficient to satisfy this showing may be demonstrated by lifelong handicap, permanent loss, or considerable pain. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

In this case, Plaintiff has not met the subjective element required under *Farmer* because she can not show that any jail employee had a "sufficiently culpable state of mind," amounting to a "deliberate indifference" to her medical needs. In her Response Brief, Plaintiff asserts that she "satisfies the subjective component if she can show that any of the staff delayed in providing medical treatment caused either unnecessary pain or worsening of her condition. Even a brief delay may be unconstitutional." [Docket No. 37, at 10.] Plaintiff alleges that "she was allowed to suffer for 12 hours with seizure activity and was not taken to the hospital until she fell out of bed and hit her head," and that the "evidence viewed in a light most favorable to Ms. May is that at least someone on Defendant's staff knew Ms. May was having seizures and simply ignored her." [Docket No. 37, at 10-11.]

These allegations, however, are not supported by any evidence of even a brief delay in providing medical treatment. The section of Plaintiff's brief devoted to the alleged deliberate indifference of the jail staffers is completely devoid of any citation to an affidavit, deposition, document, or any other type of evidentiary support for her allegations.[3] In fact, Plaintiff's entire brief

---

[3] In the disputed facts section of Plaintiff's brief, she references the fact that the Muskogee Police Department booking sheet [Defendant's Exhibit 2, Docket 33-3] notes that Plaintiff was "too intoxicated" to give her thumb print. This appears to be the only attempt at providing evidentiary support to her allegations. Plaintiff, however, failed to incorporate this fact into the Argument section of her brief. Regardless, the Court finds that this fact offers no support to Plaintiff's claim that her medical treatment was delayed while she was in the MCDC.

fails to cite to any of the exhibits attached to it, and consequently it is wholly unsupported by evidence. Additionally, a review by the Court of the exhibits submitted by both parties discovered no actions of MCDC employees that even remotely resembled deliberate indifference. The record reveals that Plaintiff has no memory whatsoever of what happened at the jail and is basing her allegations on what her attorney has told her. [Docket No. 33-1, at 54, 78.] There is no witness who can support Plaintiff's contention that she experienced seizures for hours and was simply ignored. Further, Plaintiff cannot identify the jail staffers, by name or otherwise, who allegedly ignored her while she was experiencing seizures in her cell. Nor can Plaintiff identify when the jailers were aware of the seizures and how long the jailers delayed in providing her treatment. Finally, even though Plaintiff was intoxicated when she was placed in the MCDC, there is no evidence that her level of intoxication posed a risk to her health or necessitated immediate medical attention.

In sum, Plaintiff has offered no evidence that demonstrates there was a delay between the time she began experiencing seizures and the time she was provided with medical treatment. Although the facts must be construed in the light most favorable to Plaintiff as the non-moving party, conclusory allegations unsupported by the record are not sufficient to defeat a motion for summary judgment. As a result, Plaintiff has not established an underlying constitutional violation. Without an underlying constitutional violation, Plaintiff's action against Sheriff Pearson in his official capacity fails as a matter of law. *See Olsen*, 312 F.3d 1304 at 1317-18. Because the Court has already established that Plaintiff's § 1983 claim has no merit, the Court has no reason to analyze the objective prong of *Farmer* or Plaintiff's allegations of Sheriff Pearson's failure to adequately train or monitor his staff.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED.


IT IS SO ORDERED this 6th day of July, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma